```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

RAYMOND J. DAVIDSON, SR.,

    Plaintiff,

    v.                              Civil No. 18-15709 (NLH/KMW)

PROBATION CHILD SUPPORT        **OPINION**
ENFORCEMENT SERVICES,
BURLINGTON COUNTY FINANCIAL
DIVISION, PSI SECURITY &
INVESTIGATIONS, NEW JERSEY
DEPARTMENT OF HUMAN SERVICES,
and CAMDEN COUNTY PROBATION,

    Defendants.

**APPEARANCES:**

RAYMOND J. DAVIDSON, SR.
208 ROANOKE RD
CHERRY HILL, NJ 08003

    *Pro se Plaintiff.*

SHMUEL BUSHWICK
DEPUTY ATTORNEY GENERAL
R.J. HUGHES JUSTICE COMPLEX
P.O. BOX 116
TRENTON, NEW JERSEY 08625

    *Attorney for Defendants Probation Child Support Enforcement Services, Burlington County Financial Division, New Jersey Department of Human Services, and Camden County Probation.*

NICOLE MARIE VARISCO
QUINTAMOS RIETO WOOD & BOYER
99 HUDSON ST
5TH FLOOR
NEW YORK, NY

    *Attorney for Defendant PSI Security & Investigations.*

**HILLMAN, District Judge**

This case concerns civil rights claims brought under 42 U.S.C. §§ 1981, 1983, and 1985. Plaintiff alleges incorrect information regarding child support obligations and payments led to his incarceration for failure to pay. Currently before the Court are Defendants' Motions to Dismiss and Plaintiff's Motion for Default. For the reasons discussed herein, State Defendants' Motion to Dismiss will be granted and Defendant PSI's Motion to Dismiss and Plaintiff's Motion for Default will be denied, as moot.

**BACKGROUND**

The Court takes its recitation of facts from Plaintiff's Complaint and Amended Complaint. The actions complained of occurred between 2003-2018. The matter stems from child support obligations and payments, and whether Plaintiff has made those payments. It appears that a recent calculation provided by Plaintiff puts the arrears at around $30,000. Plaintiff alleges that number is incorrect. This incorrect number, according to Plaintiff, is "due to the negligence of the[] defendants by failing to properly enter infoformation [sic] supplied to them each year," a failure to take into account changes in status, like his homelessness, and Joe Enedetti's – an employee of Burlington County's probation office – failure "to[]enter orders as far back as 1999 [and] . . . fail[ure] to give a proper

2

acouting [sic] and . . . credtit [sic] for payments in 2004 in the sum of $3,000.00."

As evidence of the wrongfulness of this conduct, Plaintiff alleges multiple New Jersey state court judges have commented that Burlington County Probation "is the problem." As a result, Plaintiff claims he "was arrested and dataianed [sic] under fause pretence [sic] strip serch embaressed [sic]." Plaintiff claims in 2007, 2016, and 2017 he was incarcerated for a total of seventy-seven days.

On November 6, 2018 Plaintiff filed a complaint against the Administrative Office of the Courts, Probation Services Division, Child Support Enforcement Services ("Enforcement Services"), the State of New Jersey Judiciary, Burlington Vicinage Finance and Probation Division, the State of New Jersey Department of Human Services, the State of New Jersey Judiciary, Camden Vicinage Finance Probation Division (the "Probation Division" and, collectively, the "State Defendants"),[1] and PSI Security & Investigation ("PSI"). Plaintiff claims civil rights violations under 42 U.S.C. §§ 1981, 1983, and 1985 against all Defendants. The same day, this Court granted Plaintiff's application to proceed in forma pauperis and the Clerk filed

---

[1] The Court notes these Defendants were improperly pled as Probation Child Support Enforcement Services, Burlington County Financial Department, and the "New Jersey State Department of Human Service Office of Administration [sic]," and Camden County Probation, respectively.

3

Plaintiff's Complaint.  Summons were issued thereafter.  On November 28, 2018, Plaintiff filed an Amended Complaint adding the Probation Division and charges under 18 U.S.C. §§ 241, 242, and 245 against all Defendants.

Plaintiff requests four types of relief: (1) an injunction against Enforcement Services to block any retaliation for filing the complaint, (2) an injunction ordering an independent audit to determine the proper amount of child support owed, (3) compensatory damages in the amount of $378,747.14, and (4) declaratory judgment concerning a portion of the Social Security Act and its application to child support obligations.

On January 8, 2019, Plaintiff filed a Motion for a Preliminary Injunction.  On January 16, 2019, State Defendants filed opposition and a Cross-Motion to Dismiss.  On January 28, 2019, Defendant PSI filed a Motion to Dismiss.  On January 29, 2019, this Court denied Plaintiff's Motion for a Preliminary Injunction.  On March 25, 2019, Plaintiff filed a Motion for Default against Defendant PSI.  On May 6, 2019, Plaintiff filed a Motion to Compel.  On May 22, 2019, Defendant PSI requested the Court hold a status conference.  Magistrate Judge Karen M. Williams held a status conference on June 18, 2019.  Judge Williams directed Plaintiff to file opposition to Defendants' Motions to Dismiss and dismissed Plaintiff's Motion to Compel as moot.  Defendants' Motions to Dismiss and Plaintiff's Motion for

Default have been fully briefed and are ripe for adjudication.

**ANALYSIS**

**A. Subject Matter Jurisdiction**

This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**B. Motion to Dismiss Standard**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.,

5

40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in

the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

**C. Motion to Dismiss**

State Defendants offer four reasons why the counts asserted against them should be dismissed: (1) Younger abstention requires this Court to abstain from hearing the claims in this matter, (2) sovereign immunity bars certain claims against them, (3) Rooker-Feldman abstention requires this Court to abstain from hearing the claims in this matter, and (4) Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8. Defendant PSI offers two reasons why the counts asserted against it should be dismissed: (a) the Court lacks general or specific personal jurisdiction over it and (b) Plaintiff has failed to state a claim against it.

Before considering the arguments of the parties, the Court first notes that Plaintiff attempts to bring several criminal charges against Defendants pursuant to 18 U.S.C. §§ 241, 242, and 245. Plaintiff has brought these claims in a civil action. This Court lacks the authority to grant Plaintiff this type of relief in a federal civil action. See Concepcion v. Resnik, 143

F. App'x 422, 425-26 (3d Cir. 2005) (citing United States v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) ("The United States Attorney is responsible for the prosecution of all criminal cases within his or her district.")); see also Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."). Accordingly, all of Plaintiff's claims which attempt to initiate a criminal prosecution against Defendants will be dismissed, with prejudice.

State Defendants argue this matter should be dismissed, in its entirety, because it is subject to the Younger abstention doctrine. Plaintiff states this Court has subject matter jurisdiction, but does not directly rebut any of the arguments made by State Defendants. Nevertheless, this Court will examine State Defendants' arguments on the merits.

The most recent Supreme Court formulation of the Younger abstention doctrine can be found in Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013). The Supreme Court noted the three circumstances under which a federal court should consider whether to abstain from hearing a case: (1) "[w]hen there is a parallel, pending state criminal proceeding," (2) when there are "particular state civil proceedings that are akin to criminal prosecutions," and (3) when there are particular state civil

proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts."  Id. at 72-73 (citing Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987)).

If the underlying state court case fits within one of these categories, a federal court should consider an additional three factors.  First, is there "an ongoing state judicial proceeding"; second, "do the proceedings implicate important state interests"; and third, "is there an adequate opportunity in the state proceedings to raise constitutional challenges." Middlesex Cty. Ethics Comm'r v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

To determine whether Younger abstention is appropriate, the Court will first determine whether the underlying state court proceeding is within the class of cases contemplated as deserving of abstention.  Second, the Court will examine the three factors to determine whether Younger abstention is appropriate.

First, the Court must determine whether the state court proceeding is of the type that is amenable to Younger abstention.  It is.  It appears, from Plaintiff's own filings, that there is continuing litigation in the Superior Court of New Jersey, Chancery Division, Family Part concerning the amount Plaintiff owes in child support and whether any criminal

9

consequences should attach to a failure to pay those obligations. The Third Circuit has explicitly held that a child support order and its attendant litigation is the type of matter which is amenable to Younger abstention. See Anthony v. Council, 316 F.3d 412, 417-423 (3d Cir. 2003) (holding Younger abstention applies in cases involving active child support orders in New Jersey); DiPietro v. N.J. Family Support Payment Ctr., 375 F. App'x 202, 205 (3d Cir. 2010) (noting Younger abstention is applicable to child support proceedings because "New Jersey courts are charged with monitoring, enforcing, and modifying child support obligations throughout the duration of a child support order").

Because this type of case is amenable to abstention, the Court must consider whether it satisfies the three factors discussed supra. The first factor is satisfied here. The documents attached by Plaintiff to his Complaint and the allegations in his Complaint show that he is still subject to a child support order. Therefore, that matter is pending. Anthony, 316 F.3d at 419 (holding that because the plaintiffs were "under a child support order" that matter was pending).

The second factor is whether an important state interest is implicated in the pending matter. As stated in Anthony:

> New Jersey has an overriding interest in ordering, monitoring, enforcing and modifying child support obligations. Any ruling in this action would surely

affect this interest. As such, the second predicate of our Younger test is satisfied.

316 F.3d at 421. See also Lisboa v. N.J. Div. of Child Prot. & Permanency, 1:18-cv-08744 (NLH/JS), 2019 U.S. Dist. LEXIS 19644, at *9 (D.N.J. Feb. 7, 2019) (collecting cases on this point and stating "the case law makes it abundantly clear that it is inappropriate for a federal court to interfere with the state's interest in administering its own family court"). The Court finds the second factor has been satisfied.

The third factor is whether there is an adequate opportunity to raise constitutional arguments. In Anthony, the Third Circuit addressed this factor in exactly the same circumstances. 316 F.3d at 422. In that matter, the Third Circuit held the Family Part of New Jersey Superior Court constitutes a "continuing, open and available forum to raise any issues." Id. The Third Circuit also noted those under the auspices of the Family Part's jurisdiction the plaintiff retained appellate rights. Id. The third factor is satisfied here.

But, even if these three factors are satisfied, "abstention is not appropriate if state proceedings are being undertaken in bad faith, or if there are other extraordinary circumstances, such as where state proceedings are based on a flagrantly unconstitutional statute." Gwynedd Props., Inc. v. Lower

11

Gwynedd Twp., 970 F. 1195, 1200 (3d Cir. 1992) (citing Middlesex, 457 U.S. at 435). Thus, the Court must determine whether abstention is inappropriate based on any of the reasons discussed supra even though all the Younger factors have been satisfied.

There is no indication that any statute at-issue is facially unconstitutional. As a result, the only other way this Court may continue to assert jurisdiction is if the state proceedings are being undertaken in bad faith and for the purposes of harassment. It is Plaintiff's burden to establish this exception to abstention. Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). Plaintiff has not argued bad faith or harassment. In fact, Plaintiff's Complaint states it was not bad faith, but the "negligence" of Defendants which caused the alleged constitutional violations. As Plaintiff has not met his burden to establish bad faith or harassment, this Court must abstain in this matter.

Therefore, all claims, against all Defendants, fall within Younger abstention. See, e.g., Gormley v. Gormley, No. 17-cv-7874 (NLH/AMD), 2018 U.S. Dist. LEXIS 83694, at *1-11 (D.N.J. May 18, 2018) (dismissing federal and state claims requesting injunctive, declaratory, and compensatory relief against private and state actors). Accordingly, this Court will dismiss this case in its entirety pursuant to the Younger doctrine. Because

this Court finds that Younger abstention applies to this matter, this Court cannot hear any of the claims asserted by Plaintiff. Additionally, the finding that Younger abstention is applicable moots Defendant PSI's Motion to Dismiss and Plaintiff's Motion for Default, as all claims are dismissed against all defendants.

## CONCLUSION

For the reasons stated herein, the Court will grant State Defendants' Cross-Motion to Dismiss and deny Defendant PSI's Motion to Dismiss and Plaintiff's Motion for Default as moot. This matter will be dismissed in its entirety.

An appropriate Order will be entered.


Date: July 30, 2019       s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.